Daniel, Judge,
 

 after stating the case as above, proceeded : — The argument on the part of the defendants is, that under the will, a vested interest in
 
 Beck
 
 passed to the testator’s daughter, Betsey; and that the issue of
 
 Beck,
 
 born since the vesting of that interest, accrued to the said daughter by operation of law% That the legacies charged upon that bequest are pecuniary legacies, the amount whereof is to be ascertained when Betsy takes
 
 Beck
 
 into possession, and that amount is also made dependent on the value at which
 
 Beck
 
 shall then be appraised: And that, without inserting words in the will which it does not contain, the appraisement must be confined to
 
 Beck
 
 alone. We do not yield to the force of this argument. The Court cannot, indeed, under the pretence of construction, alter a will. They must find enough in it to manifest the intention which they attribute to the testator, but it is not necessary that this intention should be expressed with critical precision. On the will, it is apparent that the testator designed that his five daughters should share equally of his bounty. He makes no mention of the increase of
 
 Beck,
 
 either in the bequest of her to Betsey, or in the appraisement which he (directs of her value for the benefit of Betsey’s sisters. The appraisement is to be made when Betsey is entitled to the possession of
 
 Beck;
 
 and what Betsey then obtains by means of this bequest, is to be
 
 *325
 
 valued, so as to give her sisters an equal share thereof. Ünder the name
 
 Beck,
 
 she received not
 
 Beck
 
 alone, but
 
 Beck
 
 with her fruits or increase. In the valuation for the purpose of an equal division, not
 
 Beck
 
 alone, but
 
 Beck
 
 with her attendant fruits or increase is to be comprehended. It is not the legacy as vested, but as enjoyed, which the. testator directed to be appraised. Had
 
 Beck
 
 died without increase during the existence of the particular estate, Betsey could not have been called upon for contribution, although her interest in remainder had completely vested; because the charge was upon her legacy, after it should come into possession. It should, therefore, bé valued such as it then was. Any other construction would do violence to the plan of the testator.
 

 Per Curiam. Decree for the plaintiffs.